UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21553-CIV-HOEVELER

MAGDALENA IGLESIAS, on
behalf of herself and all other CNAs,

    Plaintiffs,

v.

SEFARDIK ASSOC., LLC d/b/a THE
NURSING CENTER AT MERCY,

    Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court on Defendant's motion for summary judgment. Plaintiff, who is proceeding *pro se* subsequent to the withdrawal of her counsel, has filed no response, despite orders from this Court directing her to do so.[1]

This case was filed pursuant to the Fair Labor Standards Act (FLSA), 29, U.S.C. § 201 et seq. Plaintiff seeks unpaid overtime pay for her work as a nursing assistant. Defendant seeks summary judgment, claiming that Plaintiff was paid for any overtime hours worked. Although Plaintiff filed no response to the motion, Defendant filed with the Court a copy of Plaintiff's deposition testimony.

---

[1] On December 16, 2009, this Court granted Plaintiff an extension of time until January 31, 2010, to respond to the motion for summary judgment. Plaintiff was cautioned that "failure to respond to the pending motion may result in the entry of an order granting the Defendant's motion for summary judgment and dismissing this case against Plaintiff." Again, on March 16, 2010, the Court ordered that Plaintiff should file her response, within thirty (30) days.

Based on a review of pertinent portions of the file, the Court finds that there are no material facts in dispute and this case is appropriate for summary judgment.

Defendant offers evidence that Plaintiff "was paid for all hours she worked and recorded" and that Plaintiff "was paid overtime for all hours over 8 on any given day that she recorded." ¶17, Affidavit of Daniel Roth, Docket No. 40-1.  For these assertions, Defendant's witness relied on time records, including records based on Plaintiff's use of a time-clock at which she would punch in at the beginning of her shift and punch out at the end of her shift.  Plaintiff admits that she used the time clock regularly and that the records generated from the clock are correct, Deposition of Iglesias, p. 30, Docket No. 40-2.  Plaintiff also testified that she would punch out of a shift and then continue working on a second shift and then punch out again, id. at 37-38, but this does not sufficiently rebut Plaintiff's other testimony regarding the accuracy of the Defendant's record of hours worked.  For example, in addition to the time clock, Plaintiff also signed a document when she arrived at work every day, id. at 20, 26, and admitted at deposition that those documents were accurate and that her signature was on the documents, id. at 25.

Plaintiff testified, generally, that she was never paid overtime by Defendant, id. at 18, but she was unable to identify any specific hours for which she was not paid.  Also, while working for Defendant, Plaintiff never complained that she was not paid for overtime hours.  Id. at 26, 38, 39.

The Court finds that Plaintiff's deposition testimony - the only evidence attributable to Plaintiff in this record - is insufficient to rebut the evidence presented by Defendant.  Although Plaintiff's failure to pursue this case is sufficient support for

dismissal, the Court has determined that the Defendant is entitled to the entry of summary judgment. Based on the above, it is

ORDERED AND ADJUDGED that Defendant's motion for summary judgment be GRANTED.

DONE AND ORDERED in Chambers in Miami this 18 day of August 2010.

*/s/ Wm M Hoeveler*
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
Magdalena Iglesias, 27 W. 28th St., Apt. 6, Hialeah, FL 33010
Elizabeth M. Rodriguez